**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Case No. 1:12-cv-04680 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOES 1-55, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF JOINDER**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 4

II. JOINDER IS PROPER ......................................................................................................... 5

    A. The Infringement Occurred Through a Series of Transactions ........................................ 5

        i. The Supreme Court Allows Joinder Where There is Transactional Relatedness .. 7

    B. There Are Common Issues of Fact and Law .................................................................... 8

    C. Joinder is Proper Because Plaintiff Properly Pled Defendants Were Jointly and Severally Liable ................................................................................................................. 9

    D. Joinder Promotes Judicial Efficiency and Doe Defendants Cannot Demonstrate Prejudice At This Stage .................................................................................................. 10

    E. Courts From Around the Country Permit Joinder .......................................................... 13

III. CONCLUSION .................................................................................................................... 13

**TABLE OF AUTHORITIES**

AF Holdings LLC v. Does 1-1,058, CIV.A. 12-0048 BAH, 2012 WL 3204917 (D.D.C. Aug. 6, 2012) .................................................................................................................... 5, 6, 13

Anderson v. Frances I. duPont & Company, 291 F.Supp. 705, 711 (D.Minn.1968).................... 11

Arista Records LLC v. Does 1–27, 584 F.Supp.2d 240, 252 (D.Me. 2008)................................ 13

Call of the Wild Movie, LLC v. Does 1-1,062, 770 F. Supp. 2d 332, 344 (D.D.C. 2011)........... 13

CP Productions, Inc. v. Does 1-300, 10 C 6255, 2011 WL 737761 (N.D. Ill. Feb. 24, 2011) ....... 5

Digital Sin, Inc. v. Does 1-176, 2012 WL 263491, *FN 6 (S.D.N.Y. 2012)................................ 12

First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 252 (N.D. Ill. 2011).......... 5, 7, 9, 10, 12

First Time Videos, LLC v. Does 1-76, 276 F.R.D. 254, 257 (N.D. Ill. 2011)................................ 5

Hard Drive Productions, Inc. v. Does 1-55, 11 C 2798, 2011 WL 4889094 (N.D. Ill. Oct. 12, 2011) ........................................................................................................................................ 5

Hohlbein v. Heritage Mut. Ins. Co., 106 F.R.D. 73, 78 (E.D. Wis. 1985) .................................. 11

In re EMC Corp., 677 F.3d 1351, 1356 (Fed. Cir. 2012) ............................................................ 10

Lightspeed v. Does 1-1000, 10 C 5604, 2011 WL 8179131 (N.D. Ill. Mar. 31, 2011).............. 5, 9

MGCIP v. Does 1-316, 10 C 6677, 2011 WL 2292958 (N.D. Ill. June 9, 2011) .......................... 5

Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974) ............................................ 7

NuImage, Inc. v. Does 1-3,932, 2:11-CV-545-FTM-29, 2012 WL 1890854 (M.D. Fla. May 10, 2012) ........................................................................................................................................ 9

Pac. Century Int'l v. Does 1-31, 11 C 9064, 2012 WL 2129003 (N.D. Ill. June 12, 2012)............ 7

Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840, at *8 (E.D. Mich. Apr. 5, 2012) .......................................................................................................................... 11

Southern Construction Co., Inc. v. Pickard, 371 U.S. 57, 60, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962). 7

Third Degree Films v. Does 1-36, 11-CV-15200, 2012 WL 2522151 (E.D. Mich. May 29, 2012) ................................................................................................................................................ 10

United States v. Mississippi, 380 U.S. 128 (1965) ....................................................................... 8

Voltage Pictures, LLC v. Does 1-5,000, 818 F. Supp. 2d 28, 42 (D.D.C. 2011) ......................... 13

Warshawsky & Co. v. Arcata Nat. Corp., 552 F.2d 1257, 1261 (7th Cir. 1977)............................ 6

I.  **INTRODUCTION**

"As in numerous other cases pending in this and other jurisdictions across the country, this case involves a copyright owner's effort to protect a copyrighted work from unknown individuals, who are allegedly illegally copying and distributing the work on the Internet." AF Holdings LLC v. Does 1-1,058, CIV.A. 12-0048 BAH, 2012 WL 3204917 (D.D.C. Aug. 6, 2012). On August 1, 2012 undersigned attended a status conference where your Honor requested a memorandum regarding the issue of joinder of multiple John Doe defendants in copyright infringement BitTorrent actions. This District has repetitively held in such actions that joinder at this stage of the litigation process is proper. "At this stage, joinder is appropriate." First Time Videos, LLC v. Does 1-76, 276 F.R.D. 254, 257 (N.D. Ill. 2011). (See also, First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 252 (N.D. Ill. 2011) ("An examination of each of these requirements shows that joinder is proper at this time"); MGCIP v. Does 1-316, 10 C 6677, 2011 WL 2292958 (N.D. Ill. June 9, 2011) ("the Court finds that sufficient facts have been plead to support the joinder of the putative defendants at this time"); Hard Drive Productions, Inc. v. Does 1-55, 11 C 2798, 2011 WL 4889094 (N.D. Ill. Oct. 12, 2011) ("At this pleading stage, Hard Drive's allegation that Does 1–55 have infringed Hard Drive's copyright through BitTorrent . . . is sufficient to satisfy Rule 20(a).")).

Prior to the above decisions, this District twice found joinder to be improper in copyright infringement BitTorrent actions. (See Lightspeed v. Does 1-1000, 10 C 5604, 2011 WL 8179131 (N.D. Ill. Mar. 31, 2011); and CP Productions, Inc. v. Does 1-300, 10 C 6255, 2011 WL 737761 (N.D. Ill. Feb. 24, 2011)). In both instances, the cases were factually distinguishable from the case at hand because the plaintiffs failed to plead a good faith basis for venue and

personal jurisdiction while joining massive amounts of defendants. This case does not suffer from the same procedural difficulties.

Fed. R. Civ. P. 20(a) permits joinder when plaintiffs have "(A) asserted any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 20(a) not only permits permissive joinder when there is the same transaction or occurrence, it also permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability. Plaintiff has done both here.

"[J]oinder of the claims against the unknown individuals associated with the Listed IP Addresses at this procedural juncture presents the most efficient mechanism for the plaintiff to obtain the identifying information required to evaluate the claims against each individual, protect its copyrighted work, and for judicial review of the plaintiff's claims." AF Holdings LLC v. Does 1-1,058, CIV.A. 12-0048 BAH, 2012 WL 3204917 (D.D.C. Aug. 6, 2012). Accordingly, Plaintiff respectfully agrees with the recent decisions in this District holding joinder to be proper at this stage of the litigation process in copyright BitTorrent infringement actions.

## II. JOINDER IS PROPER

### A. The Infringement Occurred Through a Series of Transactions

As a word of flexible meaning, "transaction" may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Warshawsky & Co. v. Arcata Nat. Corp., 552 F.2d 1257, 1261 (7th Cir. 1977). "The purpose of the rule is to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." Southern Construction Co., Inc.

v. Pickard, 371 U.S. 57, 60, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962). "Series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

> [A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

This Court has repeatedly held that a BitTorrent "swarm" constitutes a "series of transactions." "Plaintiff's allegations that the anonymous defendants participated in the same "swarm" (at varying times spanning just over one month) sufficiently alleges that they were involved in "a series of transactions" to warrant joinder under Rule 20." Pac. Century Int'l v. Does 1-31, 11 C 9064, 2012 WL 2129003 (N.D. Ill. June 12, 2012).

The Honorable Judge Castillo described how each Defendant engaged in a series of transactions by being a possible source for the other Doe Defendants in the BitTorrent swarm.

> FTV has made well-pleaded allegations that the relief they seek arises out of the same transaction, occurrence, or series of transactions. FTV has alleged that the Doe Defendants have each used BitTorrent protocol to reproduce its copyrighted materials without license or permission. Specifically, as peers in the BitTorrent swarms associated with movie or photograph, the Putative Defendants are alleged to have reproduced FTV's copyrighted materials and "continue[d] [to] distribut[e] data to other peers in the swarm" until disconnecting their BitTorrent client. (R. 1, Compl. ¶ 12.) Based on these allegations, each Doe Defendant is a possible source of FTV's copyrighted materials, and each may be responsible for distributing the same to any other Putative Defendant.

First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 252 (N.D. Ill. 2011).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating,

6

*inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different <u>but</u> <u>for</u> each of the Defendants' infringements.

### i. The Supreme Court Allows Joinder Where There is Transactional Relatedness

In <u>United States v. Mississippi</u>, 380 U.S. 128 (1965) the Supreme Court found that the joinder of six defendants, election registrars of six different counties, was proper because the allegations were all based on the same state-wide system designed to enforce the voter registration laws in a way that would deprive African Americans of the right to vote. Although the complaint did not allege that the registrars directly interacted with each other, or even that they knew of each other's actions, or that each other's actions directly affected each other in any way, the Supreme Court interpreted Rule 20 to hold a right to relief severally because the series of transactions were related and contained a common law and fact. <u>Id.</u> at 142-143.

> [T]he complaint charged that the registrars had acted and were continuing to act as part of a state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote solely because of their color. On such an allegation the joinder of all the registrars as defendants in a single suit is authorized by Rule 20(a) of the Federal Rules of Civil Procedure.

<u>Id.</u> at 142. Indeed, the Supreme Court held all of the defendants were joined properly because they were all acting on the basis of the same system which created a transactional relatedness.

Likewise, in the case at hand, it is not necessary for each of the defendants to have directly interacted with each other defendant, or have shared a piece of the file with each and every defendant when downloading the movie. The defendants are properly joined because their actions directly relate back to the same initial seed of the swarm, and their alleged infringement further advances the series of infringements that began with that initial seed and continued through other infringers. In doing so, the Defendants all acted under the same exact system. Just as it was not alleged in <u>United States v. Mississippi</u> that the registrars shared with each other

7

their efforts to prevent African Americans from voting, it is not necessary for the defendants to have shared the pieces of the movie with each other. It is sufficient that the defendants shared pieces that originated from the same exact file, and opened their computer to allow others to connect and receive these pieces.

In <u>Lightspeed</u>, the Court found that "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder". See <u>Lightspeed v. Does 1-1000</u>, 10 C 5604, 2011 WL 8179131 (N.D. Ill. Mar. 31, 2011). This, however, is contrary to <u>United States v. Mississippi</u>, particularly in copyright BitTorrent infringement actions where the Doe Defendants are exchanging data with each other throughout the swarm and the infringement is dependent on the participants' activity. Here, like in <u>United States v. Mississippi</u>, although each Doe Defendant may not know the others in the swarm or directly interact with them, all Doe Defendants engaged in the same system with an underlying transactional relatedness sufficient to support joinder under Rule 20(a).

### B. There Are Common Issues of Fact and Law

Rule 20(a)(2)(B) requires the plaintiffs' claims against the putative defendants to contain a common question of law or fact. See <u>First Time Videos, LLC v. Does 1-500</u>, 276 F.R.D. 241, 252 (N.D. Ill. 2011). "The Plaintiff meets this requirement. In each case, the Plaintiff will have to establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiffs as copyright holders." <u>NuImage, Inc. v. Does 1-3,932</u>, 2:11-CV-545-FTM-29, 2012 WL 1890854 (M.D. Fla. May 10, 2012). "[T]he factual inquiry into the method used in any alleged copyright infringement will be substantially identical, as the methods FTV will use to investigate, uncover, and collect evidence about any infringing activity will be the same as to

each Doe Defendant." First Time Videos, LLC v. Does 1-500, 276 F.R.D. 252. "The Court recognizes that each Doe Defendant may later present different factual circumstances to support individual legal defenses. Prospective factual distinctions, however, will not defeat the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B) at this stage in the litigation." Id.

"The Court finds that Plaintiff has adequately pled facts satisfying Rule 20(a)(2)(B). Plaintiff has alleged the same legal causes of action involving the same digital file against each of the defendants. Plaintiff has also alleged that the same investigation led to the discovery of the IP addresses allegedly associated with Defendants." Third Degree Films v. Does 1-36, 11-CV-15200, 2012 WL 2522151 (E.D. Mich. May 29, 2012).

### C. Joinder is Proper Because Plaintiff Properly Pled Defendants Were Jointly and Severally Liable

Here, joinder is also proper because Plaintiff plead joint and several liability. "It is clear that where defendants are alleged to be jointly liable, they may be joined under Rule 20 because the transaction-or-occurrence test is always satisfied." In re EMC Corp., 677 F.3d 1351, 1356 (Fed. Cir. 2012).

Rule 20(a) provides for "any right to relief jointly, severally, or in the alternative". In this case Plaintiff pled both joint and several liability.

> **Relief May be Sought "**Jointly**, Severally, or in the Alternative":** It is *not* necessary that each plaintiff or defendant be involved in every claim set forth in the complaint. Thus, for example, if there are several plaintiffs (e.g., driver and passenger in auto accident), each may seek *separate* relief. Likewise, if there are several defendants, relief may be sought against each of them separately, or against all of them jointly. [FRCP 20(a); *Dougherty v. Mieczkowski* (D DE 1987) 661 F.Supp. 267, 278]

9

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 7-D. "[C]oncert of action, *i.e.,* a right to relief jointly, is not a precondition of joinder. Plaintiff asserts a right to relief jointly against Defendants *and* severally. Therefore, the first clause of Rule 20(a)(2)(A) is satisfied by the assertion of a right severally." Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840, at *8 (E.D. Mich. Apr. 5, 2012).

By requiring defendants to directly interact with each other, the Court would require the defendants to be jointly liable with each other. Because Rule 20 provides that a party may be joined if the claims against them are either jointly or severally liable, the requirement that defendants directly shared pieces of the movie with each other contradicts the language of Rule 20.

> A right to relief against defendants jointly requires concerted action by two or more parties. A right to relief severally against defendants means that each right to relief is separate and distinct from defendant to defendant and no interaction among the defendants is required. An 'alternative' right to relief may be asserted when plaintiff knows one of the defendants is liable, but does not know which one. 4 Moore's Federal Practice § 20.03. Plaintiff asserts a right to relief against Defendants jointly and a right to relief severally; however, a right to relief against the Defendants severally alone is sufficient to satisfy the first clause of Rule 20.

Id. (Emphasis added).

### D. Joinder Promotes Judicial Efficiency and Doe Defendants Cannot Demonstrate Prejudice At This Stage

"The unmistakable purpose for the Rule is to promote trial convenience through the avoidance of multiple lawsuits, extra expense to the parties, and loss of time to the Court and the litigants appearing before it." Hohlbein v. Heritage Mut. Ins. Co., 106 F.R.D. 73, 78 (E.D. Wis. 1985) (citing Anderson v. Frances I. duPont & Company, 291 F.Supp. 705, 711 (D.Minn.1968)).

Thus, joinder of the defendants creates judicial efficiency, particularly at this stage of the litigation process and will not prejudice any party, as this court has previously held:

> [J]oinder at this stage is consistent with fairness to the parties and in the interest of convenience and judicial economy because joinder will secure the just, speedy, and inexpensive conclusion for both FTV and any future named defendants. Joinder does not create any unnecessary delay nor does it prejudice any party. Rather, severance is more likely to likely to cause delays and prejudice FTV and future named defendants alike.

First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 252-53 (N.D. Ill. 2011)

Other district courts across the country have made similar findings. "The Court finds that joinder, at this stage of the litigation, will not prejudice any party and will promote judicial efficiency. *See id.* at 344 ('joinder in a single case of the putative defendants who allegedly infringed the same copyrighted material promotes judicial efficiency and, in fact, is beneficial to the putative defendants'"). Patrick Collins, Inc. v. John Does 1-33, 11-CV-02163-CMA-MJW, 2012 WL 415424 (D. Colo. Feb. 8, 2012).

The Southern District of New York has also addressed this issue stating, "courts have opined that requiring aggrieved parties to file hundreds or even thousands of separate copyright infringement actions would neither be cost efficient for the plaintiffs nor promote convenience or judicial economy for the courts." Digital Sin, Inc. v. Does 1-176, 2012 WL 263491, *FN 6 (S.D.N.Y. 2012).

The District of Columbia has also found joinder to be beneficial in BitTorrent copyright infringement cases. The court held that defendants would potentially benefit from joinder because they could see the defenses of others.

> [J]oinder in a single case of the putative defendants who allegedly infringed the same copyrighted material promotes judicial efficiency and, in fact, is beneficial to the putative defendants. *See London–Sire Records, Inc. v. Doe 1,* 542 F.Supp.2d 153, 161 (D.Mass.2008) (court consolidated separate Doe lawsuits for copyright infringement since the "cases involve similar, even virtually identical,

11

issues of law and fact: the alleged use of peer-to-peer software to share copyrighted sound recordings and the discovery of defendants' identities through the use of a Rule 45 subpoena to their internet service provider. <u>Consolidating the cases ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have raised.</u>"

<u>Call of the Wild Movie, LLC v. Does 1-1,062</u>, 770 F. Supp. 2d 332, 344 (D.D.C. 2011) (Emphasis added). The court further acknowledged that if the cases were severed, Plaintiff may not be able to bring its claim against the Defendants. "If the Court were to consider severance at this juncture, plaintiffs would face significant obstacles in their efforts to protect their copyrights from illegal file-sharers and this would only needlessly delay their cases." <u>Id.</u>

The District Court for the District of Columbia has also addressed the impact of severance on the plaintiffs. See <u>AF Holdings LLC v. Does 1-1,058</u>, CIV.A. 12-0048 BAH, 2012 WL 3204917 (D.D.C. Aug. 6, 2012); <u>Voltage Pictures, LLC v. Does 1-5,000</u>, 818 F. Supp. 2d 28, 42 (D.D.C. 2011).

> [T]he Court begins with the premise that the Plaintiffs have a statutorily protected interest in their copyrighted material and that the Doe Defendants, at least by allegation, have deliberately infringed that interest without consent or payment. Under the law, the Plaintiffs are entitled to protect their copyrighted material and it is difficult to discern how else in this unique circumstance the Plaintiffs could act. Not to act would be to allow those who would take what is not theirs to remain hidden behind their ISPs and to diminish and even destroy the intrinsic value of the Plaintiffs' legal interests.

<u>Id.</u> (citing <u>Arista Records LLC v. Does 1–27</u>, 584 F.Supp.2d 240, 252 (D.Me. 2008)).

Indeed, the court held an evidentiary hearing recently regarding the issue of joinder in copyright infringement BitTorrent actions. At this hearing, the Internet Service Providers admitted that plaintiffs cannot properly protect their copyright without joinder in BitTorrent actions. See <u>AF Holdings LLC v. Does 1-1,058</u>, CIV.A. 12-0048 BAH, 2012 WL 3204917 (D.D.C. Aug. 6, 2012). "The Movant ISPs acknowledged that the plaintiff would not be able to

12

protect its copyright if the Court were to sever the unknown defendants in this action due to the cost of filing an individual lawsuit for each of the thousands of IP addresses identified as being used for allegedly online infringing activity. Hearing Tr. at 127–28 (Apr. 27, 2012)." Id.

### E. Courts From Around the Country Permit Joinder

District Courts across the country have analyzed the issue of joinder in BitTorrent cases and have permitted joinder where, as here, all of the defendants reside in the same district and all participated in the same BitTorrent swarm. A list of cases holding joinder is proper in BitTorrent actions is included as Exhibit A.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court permit joinder and not sever the Defendants in this action.

Dated: August 15, 2012

    Respectfully submitted,

    NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 15, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

      By:   /s/ *Paul J. Nicoletti*