UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:12-cv-04680 |
| v. ) | |
| ) | Honorable Matthew F. Kennelly |
| JOHN DOES 1-55, ) | |
| ) | |
| Defendants. ) | |

MOTION FOR LEAVE TO PROCEED ANONYMOUSLY PURSUANT TO FED. R. CIV. P. 8, MOTION TO QUASH SUBPOENA PURSUANT TO FED. R. CIV. P. 45, AND MOTION TO SEVER PURSAUNT TO FED. R. CIV. P. 21

NOW COMES John Doe 4, by and through counsel, and in support of his Motion for Leave to Proceed Anonymously, Motion to Quash, and Motion to Sever, shows the Court as follows:

**I. INTRODUCTION**

Malibu Media is a California film company that owns the copyrights to a large number of pornographic films. Since February of 2012, Malibu Media has filed approximately 308 lawsuits in federal courts across the country, naming hundreds, if not thousands, of John Doe defendants. As of the date of this filing, Malibu Media has twenty pending lawsuits in this District alone in which they have named more than 500 John Doe defendants. Certainly, copyright infringement is a legitimate basis for suit, and if many people engage in copyright infringement, many people may be sued. However, the general safeguards developed by federal courts to ensure that defendants get a fair chance to present their defenses always apply, and in cases such as this, where significant questions as to fairness, privacy and due process exist, those safeguards have special importance.

In pursuit of its claim, Malibu filed a motion for expedited discovery prior to a Rule 26(f) conference. Pre-conference discovery is exceptional, and granted only upon a showing of good cause. Fed. R. Civ. P. 26(d)(1) and 26(b)(1). Good cause for granting such discovery exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Am. LegalNet, Inc. v. Davis*, 673 F.Supp.2d 1063 (C.D. Cal. 2009); *accord Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause is lacking when the prejudice that the requested discovery would impose outweighs Plaintiff's need. That prejudice, the likelihood of misidentification, makes such discovery less than reasonable "in light of all of the surrounding circumstances." *Momenta Pharms. Inc. v. Teva Pharms. Indus. Ltd.*, 765 F.Supp.2d 87, 88-89 (D. Mass. 2011).

Due to the necessarily *ex parte* nature of Plaintiff's motion, Plaintiff faced no adversaries to fully expound on the prejudices that John Doe 4 faces as a result of Plaintiff's expedited discovery. In this particular context, the Court must balance "the need to provide injured parties with an [sic] forum in which they may seek redress for grievances" against those of an ISP subscriber such as John Doe 4 "without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999).

Numerous courts have acknowledged the predatory reputation of litigation such as the case at bar, and the potentially inappropriate procedures being utilized by plaintiffs like Malibu Media to coerce private individuals into settling claims for thousands of dollars rather than face the possibility of public shame[1].

---

[1] "The risk of inappropriate settlement leverage is enhanced in a case like this involving salacious and graphic sexual content where a defendant may be urged to resolve a matter at an inflated value to avoid disclosure of the content the defendant was accessing." *Raw Films, Ltd. v. Does 1-32*, No. 11-cv-00532JAG, 2011 U.S. Dist. LEXIS 149215, *6-7 n.5 (E.D. Va. Dec. 29, 2011).

John Doe 4 respectfully requests that this Court enter an order permitting him to proceed anonymously in this matter, if not for the duration then at least through discovery and dispositive motions. No prejudice to Plaintiff will result from such an order, and the privacy and fairness concerns already acknowledged by judges in this District will be addressed.

John Doe 4 also respectfully requests that this Court enter an order quashing the subpoena seeking his information. Plaintiff has obtained an *ex parte* order seeking early discovery for information that will not result in identification of the alleged infringer of Plaintiff's "Works". John Doe 4 categorically denies using any BitTorrent program or accessing/viewing Plaintiff's "Works". Obtaining the name and contact information for the person to whom an ISP sends its monthly bill bears no rational relationship to who may have actually wrongfully accessed Plaintiff's copyrighted "Works". Since the subpoena issued to Comcast for John Doe 4's personal identifiers will not reveal the actual alleged infringer, it should be quashed.

Plaintiff has named 55 individuals in this matter, but has failed to show that any of them shared any part of Plaintiff's "Works" with one another. Moreover, Plaintiff has failed to show that John Doe 4 acted "in concert" with anyone with respect to the alleged accessing and distribution of its "Works". One can only imagine the many defenses that will be raised by 55 different defendants in this matter. Joinder of these claims is inappropriate under Fed. R. Civ. P. 21, and John Doe 4 respectfully requests that the Court enter an order severing him from this case.

## II. TECHNICAL BACKGROUND

An ISP assigns an identifying number, called an Internet Protocol ("IP") address, to each ISP subscriber (such as Movant) whose computer the ISP connects to the Internet. Complaint ¶ 4; *United States v. Heckenkamp*, 482 F.3d 1142, 1144 n.1 (9th Cir. 2007). Typically, ISPs assign subscribers a

3

dynamic IP address that changes over time. *United States v. Kearney*, 672 F.3d 81, 89 (1st Cir. 2012). An IP address serves to route traffic efficiently through the network.[2] An IP address does not identify the computer being used or its user.[3] Plaintiff has identified only the IP addresses of routers or wireless access points for accounts it alleges were used to infringe its protected work, *not* the infringing parties. Complaint ¶ 7, Complaint Ex. A. "IP subscribers are not necessarily copyright infringers." *VPR Internationale v. Does 1-1017*, No. 11-cv-02068-HAB-DGB, 2011 U.S. Dist. LEXIS 64656, *3 (N.D. Ill. Apr. 29, 2011). "Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect ... The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." *Id.* at *4; see also *Hard Drive Prods. v. John Doe*, Civ. A. No. 11 CV 8333, 2012 U.S. Dist. LEXIS 89937, *6 (N.D. Ill. June 26, 2012).[4] Forensics firms often misidentify innocent subscribers as infringers for other reasons, including:

1.     IP addresses and timestamps that do not reliably identify the correct party;[5]

---

[2] *Poweroasis, Inc. v. Wayport, Inc.*, Civ. A. No. 04-12023-RWZ, 2007 U.S. Dist. LEXIS 34356, *35-38 (D. Mass. May 10, 2007), *vacated on other grounds*, 273 Fed. Appx. 964 (Fed. Cir. 2008).

[3] "IP addresses specify the locations of the source and destination nodes in the topology of the routing system." Wikipedia, *IP Address*, http://en.wikipedia.org/wiki/IP_address (as of April 18, 2012).

[4] See also *Third Degree Films v. Does 1-3577*, No. C-11-02768 LB, 2011 U.S. Dist. LEXIS 128030, *10 (N.D. Cal. Dec. 15, 2011) ("the ISP subscribers may not be the individuals who infringed upon Plaintiff's copyright") (citations omitted); *In re BitTorrent Adult Film Copyright Infringement Cases*, Civ. A. No. 11-3995 (DRH) (GRB) 2012 U.S. Dist. LEXIS 61447, *8-9 (E.D.N.Y. May 1, 2012) (citations omitted):

> An IP address provides only the location at which one of any number of computer devices may be deployed, much like a telephone number can be used for any number of telephones. ... Thus, it is no more likely that the subscriber to an IP address carried out a particular computer function ... than to say an individual who pays the telephone bill made a specific telephone call.
>
> Indeed, due to the increasingly popularity of wireless routers, it much less likely. While a decade ago, home wireless networks were nearly non-existent, 61% of US homes now have wireless access.... [A] single IP address usually supports multiple computer devices—which unlike traditional telephones can be operated simultaneously by different individuals… Unless the wireless router has been appropriately secured (and in some cases, even if it has been secured), neighbors or passersby could access the Internet using the IP address assigned to a particular subscriber and download the plaintiff's film.

[5] Michael Piatek et al., *Challenges and Directions for Monitoring P2P File Sharing Networks—or Why My Printer Received a DMCA Takedown Notice*, Proceedings of 3rd USENIX Workshop on Hot Topics in Security, at 3 (2008) (available at http://dmca.cs.washington.edu/uwcse_dmca_tr.pdf); *see also* Wikipedia, *IP address spoofing*, http://en.wikipedia.org/wiki/IP_address_spoofing (as of April 18, 2012) (the term IP address "spoofing" refers to creating a forged IP address with the purpose of concealing the user's identity or impersonating another computing system).

2. An ISP subscriber with dynamic IP addressing through its website host shares its IP address with several other subscribers;[6] and

3. Anyone with wireless capability can use a subscriber's wifi network to access the Internet, giving the impression that it is the subscriber who is engaged in potentially wrongful acts.[7]

### III. ARGUMENT AND CITATION OF AUTHORITY

A. **John Doe 4 Should Be Permitted To Proceed Anonymously Because His Privacy Interests Outweigh The Public's Interest In Knowing His Identity.**

There exists a presumption that the identity of parties to litigation is public information. However, that presumption, including the presumption that there would be prejudice to the opposing party from the concealment, may be rebutted by showing that the harm to the party seeking to proceed anonymously exceeds the likely harm from concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). The district court has an independent duty to determine whether exceptional circumstances justify a departure from the normal method of proceeding in federal courts by permitting a party to proceed anonymously. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). "[R]equests for pseudonymity have been granted when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature." *Third Degree Films*, 2011 U.S. Dist. LEXIS 128030, at *11 (citation omitted). "An allegation that an individual illegally downloaded adult entertainment likely goes to [such] matters." Id. "Defendants' motions to quash subpoenas for the very purpose of protecting their identifying information ... should be allowed to proceed anonymously because assessing these preliminary matters without knowing defendants' identities causes plaintiffs no harm." *CineTel Films, Inc. v. Does 1-1,052*, Civil No. JFM 8:11-cv-02438, 2012 U.S. Dist. LEXIS 47701, *5 n. 2 (D. Md. Apr. 4, 2012).

---

[6] Wikipedia, *Web hosting service*, http://en.wikipedia.org/wiki/Web_hosting_service (as of April 18, 2012).
[7] See, *VPR*, 2011 U.S. Dist. LEXIS 64656, at *3 (discussing raid by federal agents on home of IP subscriber falsely linked to downloading child pornography based on information provided by ISP; "Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University of New York).").

It is noteworthy that both *Doe v. City of Chicago* and *Doe v. Blue Cross & Blue Shield United of Wisconsin*, *supra*, involve an attempt by the *plaintiff* to remain anonymous. A major component of the concern about parties proceeding anonymously involves a concern about plaintiffs attempting to access the federal courts without revealing their identities. In this case, however, it is a *defendant* who wishes to proceed anonymously. The Honorable John J. Tharp, Jr., a District Judge in this very court, has exercised the Court's discretionary power to allow a John Doe defendant in a case much like the case at bar to proceed anonymously through the discovery process, aptly noting that the case involved "matters of a sensitive and highly personal nature," that the harm to the public interest in allowing the John Doe defendant to remain anonymous was small, and that the plaintiff would not be prejudiced by his ruling. *Sunlust Pictures, LLC v. Does 1-75*, 2012 U.S. Dist. LEXIS 121368, *14-15 (August 27, 2012). Judge Tharp expressly noted that a disputed allegation that a John Doe defendant illegally downloaded (and presumably viewed) pornography fit into the framework of other cases in which anonymous litigation was permitted. Id., *citing Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979). He also noted that because as a defendant, a John Doe has not purposely availed himself of the courts, the public's interest in knowing his identity is weaker.

The circumstances pertaining to John Doe 4 are exceptional, and he should be permitted to proceed anonymously. Plaintiff will not be prejudiced by allowing John Doe 4 to proceed anonymously, especially through discovery and dispositive motions. Plaintiff has all the information necessary to proceed through discovery and dispositive motions without having John Doe 4's name and personal identifiers. As noted by numerous federal courts, there is an overarching concern that the main objective in obtaining a John Doe defendant's name under

6

these circumstances is to increase the pressure on the John Doe party to settle by increasing his anxiety about public disclosure about alleged infringing activity and viewing of pornographic films, a subject which Judge Tharp held in *Sunlust* to qualify as sufficiently personal to warrant permitting the John Doe defendant to proceed anonymously. Accordingly, pursuant to Judge Tharp's ruling in *Sunlust*, John Doe 4 respectfully requests that the Court enter an Order granting him leave to proceed anonymously in this case, if not for the duration, then at a minimum through discovery and dispositive motions.

B.     **The Subpoena Seeking The Identity Of John Doe 4 Should Be Quashed.**

John Doe 4 has standing to present this Motion. He is a party to this action, though not yet identified by name. An individual becomes a defendant when sufficiently identified in the complaint, whether by an actual or fictitious name[8]. Even a fictitiously name defendant, who identifies himself as the named party, is fully entitled to defend a claim against him. *Wilson v. Frakes*, 178 Cal. App.2d 580, 581 (Cal. Ct. App. 1960); accord *Millennium TGA, Inc. v. Doe*, No. 10-cv-05603, 2011 U.S. Dist. LEXIS 94746, *3-4 (N.D. Ill. Aug. 24, 2011) (noting "the inconsistency of the plaintiff's position that the Doe defendant lacks standing to pursue a motion…because it has not been named or served, [while the complainant refers] to the 'Defendant' who the plaintiff expressly identifies in the…complaint as the person with [a particular] Internet Protocol address…").

"[A] party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." United States v. Ranieri, 670 F.2d 702, 712 (7th Cir. 1982) (citing In re Grand Jury, 619 F.2d 1022, 1027 (3d Cir. 1980)); accord

---

[8] "The status of parties, whether formal or otherwise, does not depend upon the names by which they are designated, but upon their relation to the controversy involved, its effect upon their interests, and whether judgment is sought against them. When, as here, the cause of action is against them, and substantial relief sought against them, they are real parties in interest." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 30 n.3 (3rd Cir. 1985) (*quoting Grosso v. Butte Elec. Ry. Co.*, 217 F.422, 423 (D. Mont. 1914).

Special Mkts. Ins. Consultants, Inc. v. Lynch, Case No. 11 C 9181, 2012 U.S. Dist. LEXIS 61088, *4-6 (N.D. Ill. May 2, 2012) (movant had standing to move to quash to avoid oppression, embarrassment and undue burden imposed on movant, not on third party subject to subpoena). The subpoena at issue here seeks John Doe 4's personal identifiers, identifies him (by his IP address) and required notice to him pursuant to statute. See 47 U.S.C. § 551. Judges in this Court have previously ruled in cases such as this (mass-joinder cases brought by producers of pornography) that a John Doe defendant's privacy interests, even if only minimal, provide him with standing to object to a subpoena. *Sunlust, LLC v. John Does 1-75*, 2012 U.S. Dist. LEXIS 121368 at *1-2. These facts are sufficient to give John Doe 4 standing.

John Doe 4 also has standing to move to quash the third-party subpoena as a defendant with an interest in not being subjected to bad faith settlement demands. A party with "sufficient interest to warrant its intervention" has standing to file a motion to quash, "notwithstanding that it is not the party subpoenaed." *Taylor v. Litton Med. Products, Inc.,* 19 Fed. R. Serv. 2d 1190, 1975 WL 166114, *3 (D. Mass. Jan. 23, 1975). "Parties need only have some personal right or privilege in the information sought to have standing to challenge a subpoena to a third party." *Third Degree Films, Inc. v. Does 1-108*, No. 11-cv—3007, 2012 U.S. Dist

In weighing a motion to quash in such cases, the Court must balance "the need to provide the injured part[y] with an [sic] forum in which [it] may seek redress for grievances" against the need to protect ISP subscribers from the "fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999). The Court must consider "the expectation of privacy held by ... innocent users who may be dragged into the case (for example, because they shared an IP address with an alleged infringer)." *London-Sire*

*Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 179 (D. Mass. 2008). "The privacy interests of innocent third parties weighs heavily against the public's interest in access to court documents." *Third Degree Films*, 2011 U.S. Dist. LEXIS 128030, at *11. Internet "subscribers have a privacy interest created by Congress." *Discount Video Ctr., Inc. v. Does 1-29*, Civ. A. No. 12-10805-NMG, 2012 U.S. Dist. LEXIS 112518, *15 (D. Mass. Aug. 10, 2012) (citing 47 U.S.C. § 551). "Individuals generally possess a reasonable expectation of privacy in their home computers." *United States v. Lifshitz*, 369 F.3d 173, 190 (2d Cir. 2004). An ISP's ability to access a subscriber's information "cannot be sufficient to extinguish a reasonable expectation of privacy." *United States v. Warshak*, 631 F. 3d 266, 286-87 (6th Cir. 2010). Moreover, the Illinois Constitution sets out even broader privacy protections than federal law for those who place their information in the hands of third parties. See *People v. Jackson*, 116 Ill. App. 3d 430, 434, 452 N.E. 2d 85 (Ill. Ct. App. 1983) ("the right to privacy is not waived by placing these records in the hands of a bank. The individual can still legitimately expect that her financial records will not be subject to disclosure.").

Any disclosure of information identifying John Doe 4 would subject him to a choice between public opprobrium and private blackmail on spurious claims. The "high risk of false positive identifications ... 'horror stories' of harassing and abusive litigation techniques ... and the nature of the copyrighted work in this case creates the possibility of undue embarrassment and harm were a Doe defendant's name to be publicly, but erroneously, linked to the illegal downloading of the plaintiff's copyrighted work." *Digital Sin., Inc. v. Does 1-27*, 12 Civ. 3873 (JMF), 2012 U.S. Dist. LEXIS 78832, *12-13 (S.D.N.Y. June 6, 2012).

In such cases, there is a risk not only of public embarrassment for the misidentified defendant, but also that the innocent defendant may be coerced into an unjust settlement with

Malibu Media to prevent the dissemination of publicity surrounding unfounded allegations. The risk of a shake-down is compounded when the claims involve allegations that a defendant downloaded and distributed sexually explicit material. *Patrick Collins, Inc. v. Does 1-4*, 12 Civ. 2962 (HB), 2012 U.S. Dist. LEXIS 82253, *4 (S.D.N.Y. June 12, 2012). "[T]he practical reality of these types of cases—which, as noted, have proliferated across the country—is that almost all end in settlement and few, if any, are resolved on their merits." *Third Degree Films, Inc. v. Does 1-108*, No. DKC 11-3007, 2012 U.S. Dist. LEXIS 59233, *11-12 (D. Md. Apr. 27, 2012) (citing *SBO Pictures, Inc. v. Does 1-3036*, No. 11-4220 SC, 2011 U.S. Dist. LEXIS 137361, *10-12 (N.D. Cal. Nov. 30, 2011)).

Plaintiff's request for discovery would violate John Doe 4's reasonable privacy interest and is not justified, in light of the track record in cases such as the instant case in which plaintiffs' use such discovery of personal information about ISP subscribers to coerce them into unwarranted settlement payments. See, e.g., *Hard Drive Prods., Inc. v. John Doe*, Civ. A. No. 11 CV 8333, 2012 U.S. Dist. LEXIS 89937, *9 (N.D. Ill. June 26, 2012) (discussing common litigation tactics employed in mass copyright litigation lawsuits and denying plaintiff "unnecessary, broad, and prejudicial early discovery").

Plaintiff has failed to show that it would be likely to succeed on the merits if the subpoena was not quashed and they were provided with John Doe 4's identifying information. Plaintiff cannot in good faith claim that the requested discovery will identify an actual infringer. Without showing that early discovery is "very likely" to positively identify infringers, it must be denied. *Hard Drive Prods., Inc. v. Does 1-90*, No. C11-03825 HRL, 2012 U.S. Dist. LEXIS 45509, *6-8. Plaintiff respectfully requests that the Court enter an Order vacating or modifying its Order authorizing early discovery and quashing the subpoena issued to John Doe 4's ISP.

B. **John Doe 4 Should Be Severed From This Case Because Plaintiff Has Improperly Joined John Doe 4 Based On Entirely Disparate Alleged Acts.**

While "joinder of claims, parties and remedy is strongly encouraged," Fed. R. Civ. P. 20 sets forth specific standards for permissive joinder. *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). Under Rule 20, parties may be joined in a single lawsuit where the claims against them arise from a single transaction or a series of closely related transactions.

Though an action may not be dismissed for misjoinder, the Court may drop a party at any time. Fed. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). See, e.g. *IO Group, Inc. v. Does 1-19,* No. C. 10-03851 SI, at *3-4 (N.D. Cal. Dec. 7, 2010)*, IO Group, Inc. v. Does 1-435,* No. C. 10-04382 SI, at *2 (N.D. Cal. Jan. 10, 2011). In doing so, the Court may consider various factors to determine whether joinder "comport[s] with the fundamental principles of fairness," including the possibility of prejudice to John Doe 4 and the motives of Plaintiff in seeking joinder. See also *Coleman v. Quaker Oats*, 232 F.3d 1271, 1296 (9th Cir. 2000).

Plaintiff has asserted that its early discovery seeks to learn only identifying facts necessary to permit service on John Doe 4 (and the other 41 John Does in this case). However, joinder is inappropriate. Even assuming that John Doe 4 was an actual infringer, entered the same swarm and downloaded the same seed file, Plaintiff has failed to show that John Doe 4 exchanged any piece of the seed file with any other John Doe in this case. See *Boy Racer, Inc. v. Does 1-60,* 11-cv-01738-SI, 2011, 2011 U.S. Dist. LEXIS 92994, at *4 (N.D. Cal., Aug. 19, 2011) (finding misjoinder because "Plaintiff [did] not plead facts showing any particular defendant illegally shared plaintiff's work with any other particular defendant.") Plaintiff has attempted to address this issue by alleging in its Complaint that

> "Pursuant to Fed. R. Civ. P. 20(a)(2), each of the Defendants was properly joined because…(a) each of the Defendants is jointly and severally liable for the infringing activities of each of the other Defendants, and (b) the infringement complained of herein by each of the Defendants as part of a series of transactions, involving the exact same torrent file containing Plaintiff's copyrighted Works, and was

      accomplished by the Defendants acting in concert with each other, and (c) there are common questions of law and fact; indeed, the claims against each of the Defendants are identical and each of the Defendants used the BitTorrent protocol to infringe Plaintiff's copyrighted Works."

*Complaint*, at pp. 2-3. However, Exhibit A to Plaintiff's Complaint, which consists of a small chart listing the John Doe Defendants and including, among other things, their "Doe #", IP address and "hit date", reveals that none of the "hits" occurred on the same day and time, and all of the hits occurred over a three month period. (See Complaint, Exhibit A*)*. Absent evidence that these John Does actually acted in concert to illegally download the films contained in Exhibit B of Plaintiff's Complaint (and Plaintiff has provided n*one), joinder is inappropriate. See e.g. Boy Racer at \*4;* Hard Drive Productions, Inc. v. Does 1-888, 11-cv-01566-JCS, 2011 U.S. Dist. LEXIS, at *7-14 (N.D. Cal. Aug. 23, 2011) (collecting cases); *AF Holdings LLC v. Does 1-97*, 11-cv-03067-CW, 2011 U.S. Dist. LEXIS 78636, at *4 (N.D. Cal. July 20, 2011) (holding that even though BitTorrent protocols differ from previous peer-to-peer platforms, joinder is improper).

      An increasing number of courts have recently held, in cases involving Malibu Media, that joinder of groups of John Doe defendants is improper under Fed. R. Civ. P. 20, and, pursuant to Fed. R. Civ. P. 21, ordered that all John Does but John Doe 1 be dropped from the case. *Malibu Media, LLC v. John Does 1-11* (7:12-cv-3810) (including rulings on *Malibu Media LLC v. John Does 1-10* (12-cv-2949), *Malibu Media, LLC v. John Does 1-16* (12-cv-3818), *and Malibu Media, LLC v. John Does 1-21* (12-cv-3821)) (S. Dist. New York), *(*7:12-cv-03810-ER, Document 5, Order of United States District Judge Edgardo Ramos severing all Does but Doe #1), *Malibu Media, LLC v. John Does 1-32*, 2:12-cv-2480-JAM-DAD (Document 16, Order and Findings and Recommendations dated October 9, 2012, severing all Does but Doe #1); *Malibu Media, LLC v. John Does 1-13*, 2:12-cv-1260-JAM-DAD (Document 30, Order and Findings and Recommendations dated October 10, 2012, severing all Does but Doe #1) .

As noted above, John Doe 4 is alleged to have been part of a "swarm" that occurred over the course of three months. However, Plaintiff has failed to allege, and cannot prove, that John Doe 4 interacted with or shared any portion of any file with any of the remaining John Doe defendants in this matter. Plaintiff cannot show that John Doe 4 acted in concert with anyone, and certainly cannot show that John Doe 4 is, in fact, the alleged infringer against whom they seek relief. In the instant case, Malibu Media is alleging that over the course of three months, John Doe 4 and the remaining John Doe defendants acted "in concert" to illegally download the pornographic films listed on Exhibit B to Plaintiff's Complaint. However, Plaintiff attached to its Complaint a chart which clearly indicates that the IP address associated with John Doe 4 was not tracked sharing anything with any other defendant in this matter, and in fact there is no overlap of any kind in the dates and times alleged by Plaintiff.

Joinder of John Doe 4 in this matter is inappropriate under Fed. R. Civ. P. 20, and John Doe 4 respectfully requests that this court enter an order severing him from this matter pursuant to Fed. R. Civ. P. 21 and dismissing the case against him.

## IV. CONCLUSION

Plaintiff has failed to show that early discovery in this matter was permissible or appropriate. A growing number of federal courts have acknowledged the risks in litigation by parties such as Malibu Media which is aimed not at litigating true copyright infringement cases, but rather suing large numbers of John Doe parties, utilizing early discovery processes to obtain the personal identifiers for individuals Plaintiffs knows well are not known to be an actual infringer, in order to gather large sums of money in settlements. Plaintiff is asking the Court to ignore the joinder rule and allow it to proceed against seventeen John Doe parties it has clearly displayed it cannot prove acted in concert with one another by providing a list of IP addresses and dates/times of hits that show clearly that none of these alleged infringers, including John Doe 4, were found to be sharing information with one another, or even on the same date and time.

WHEREFORE, John Doe 4 respectfully request that the Court's Order granting Plaintiff's motion for leave to take expedited discovery concerning John Doe 4 be revoked, and the subpoena issued thereunder by Plaintiff to Comcast be quashed. John Doe 4 further requests that he be severed from this action, and the case against him be dismissed.

Respectfully submitted,

/s/ Erin Kathryn Russell
Erin Kathryn Russell
233 South Wacker Drive
84th Floor
T: 312-994-2424
F: 312-706-9766
erin@russellfirmchicago.com

CERTIFICATE OF SERVICE

This is to certify that on November 14, 2012, a copy of the foregoing has been filed with the Clerk of Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Erin Kathryn Russell

The Russell Firm
233 South Wacker Drive
84th Floor
T: 312-994-2424
F: 312-706-9766